**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30648
Summary Calendar
_____

IRAJ HORMOZI,

Plaintiff-Appellant,

VERSUS

GULF STATES UTILITIES COMPANY; ENTERGY CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CV-3222)
_____
February 13, 1998

**<u>ON PETITION FOR REHEARING</u>**


Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

In his Petition for Rehearing, Hormozi calls to our attention
<u>Oubre v. Entergy Operations, Inc.</u>, No. 96-1291, 1998 WL 23157 (U.S.
Jan. 26, 1998), recently decided by the United States Supreme Court
and rendered after our prior decision affirming the dismissal of
Hormozi's claims under the Age Discrimination in Employment Act

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("ADEA"), 29 U.S.C. § 621 *et seq.*

Oubre involved facts substantially similar to the case at hand. The plaintiff accepted a termination agreement and signed a release of all claims against her employer. The plaintiff received severance pay in installments in consideration for the release. After receiving the final payment, the plaintiff brought suit under the ADEA. The release did not comply with the requirements for releases set forth in the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). The employer argued that the plaintiff had ratified the defective release by failing to return or offer to return the severance money she had received. The Supreme Court disagreed, holding "that the release cannot bar the ADEA claim because it [did] not conform to the statute," and that the plaintiff's retention of the severance pay did not amount to a ratification equivalent to a valid release of the ADEA claims, "since the retention did not comply with the OWBPA any more than the original release did." Oubre, 1998 WL 23157, at *4.

In our original opinion affirming the district court's grant of summary judgment to the Appellees based on Hormozi's failure to return benefits received in consideration of his release, we relied heavily on Wamsley v. Champlin Ref. and Chems., Inc., 11 F.3d 534 (5th Cir. 1993). To the extent that Wamsley conflicts with the Supreme Court's decision in Oubre, it is overruled.

In this appeal, Appellees concede that the release signed by Hormozi does not comply with the requirements set forth in the OWBPA, 29 U.S.C. § 626(f). Thus, Hormozi's release is invalid and,

2

under <u>Oubre</u>, cannot be ratified by his failure to tender back the consideration he received. Therefore, we GRANT Hormozi's motion for rehearing and now REVERSE the district court's grant of summary judgment to Appellees and REMAND the case for further proceedings consistent with this opinion.

REHEARING GRANTED.

REVERSED AND REMANDED.